IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AIR ENERGY GLOBAL, INC.,

Plaintiff,

v.

NAPOLEON GRIER, BERT PADELL,
NAPOLEON GRIER ENTERPRISES,
INC., and BRUCE BALDINGER,

Defendants.                                            No. 12-cv-875-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I.  Introduction and Background

Pending before the Court is an appeal by defendant Bruce Baldinger from Judge Stephen C. Williams' Order granting plaintiff Air Energy Global ("AEG")'s motion to compel Baldinger's Rule 26 initial disclosures on or before 12/7/2012 (Doc. 35). AEG's response was not timely filed (Doc. 39).[1] Because Baldinger failed to demonstrate why Judge Williams' order is clearly erroneous, the order to compel Rule 26 disclosures is affirmed.

This case is based on a breach of contract suit filed by AEG against Napoleon Grier, Bert Padell, Napoleon Grier Enterprises, Inc. ("NGE"), and Bruce Baldinger. The suit was filed in Madison County, Illinois, then removed to this Court on August 6, 2012. AEG alleges that it paid a $1,000,000.00 funding fee to

---

[1] Although the Court did not strike this filing, the response was untimely filed pursuant to Local Rule 7.1(g).

Padell because NGE agreed to finance a project, making available $10,000,000.00 if a closing agreement was reached. If no agreement was reached, AEG was to receive its funding fee back from Padell. AEG alleges a closing agreement was never created, the funds were never made available, and the funding fee was never returned by Padell. AEG alleged Baldinger acted in concert with Padell.

Baldinger filed a motion to dismiss for lack of jurisdiction or transfer venue and a memorandum in support (Docs. 13 and 13-1) on August 15, 2012. The motion is pending before the Court. Baldinger then filed a motion to stay discovery (Doc. 27) on October 2, 2012, that the Court denied on October 2, 2012 (Doc. 28).

## II.   Standard

United States Magistrate Judges are authorized to rule on all pretrial motions, subject to certain exceptions inapplicable here. 28 U.S.C. § 636; Fed. R. Civ. P. 72; SDIL–LR 72.1(a). If a magistrate judge has ruled on a non-dispositive matter, any party may, within 14 days after being served with a copy of the magistrate judge's order, file for reconsideration of that ruling by the district judge. *See* 28 U.S.C. § 636; SDIL–LR 73.1(a). When reviewing a magistrate judge's non-dispositive decision, the district judge asks only whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). In conducting such a review, district judges may only properly consider the evidence that was before the magistrate judge at the time the prior order was issued. If the district court allowed new evidence at this stage, it

"would essentially be conducting an impermissible *de novo* review of the order." *SmithKlein Beecham Corp. v. Apotex Corp.*, 2000 WL 1310669, *3 (N.D. Ill. Sept.13, 2000); see also Fed. R. Civ. P. 72(a); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 21475905, *4 (N.D. Ill. June 20, 2003).

Because the appeal before this Court relates to a non-dispositive matter, Judge Williams' Order will be reviewed for clear error.

### III. Analysis

Baldinger claims that this Court does not have jurisdiction over this case. To that end, in a separate pleading, he is seeking the dismissal of the case, or in the alternative to transfer venue (Docs. 13 and 13.1). In this appeal, Baldinger reargues his earlier motion, but fails to provide this Court with any specific examples of clear error in Judge Williams' Order, or with any case law instructive of same.

A major purpose of Rule 26(a) is "to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendments). As such, the Rule requires parties to exchange information regarding potential witnesses, documentary evidence, damages, and insurance before receiving formal discovery requests. *Id.*

Moreover, the Seventh Circuit has long held that, "a party may appear and litigate both a personal jurisdiction defense and the merits of a case without waiving the personal jurisdiction defense." *H-D Michigan, LLC et al. v. Hellenic*

*Duty Free Shops, S.A.*, 694 F.3d 827, 848 (7th Cir. 2012). *See United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008) ("The federal rules permit defendants to simultaneously seek relief and raise a jurisdictional argument without waiving that defense."); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (holding that, in order to waive a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits, or must force the court to expend efforts that would be wasted if personal jurisdiction is later found lacking); *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3rd 884, 887-88 (7th Cir. 2004) (Defendant engaging in preliminary pretrial litigation activity did not waive defense of improper venue); and *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (Defendant did not waive defense to personal jurisdiction by participating in litigation on the merits when directed to by district court after timely raising the defense).

Here, Judge Williams' order is for Baldinger to make his initial disclosures pursuant to Rule 26(a). Whether the court ultimately grants Baldinger's motion to transfer venue to another court, he is still required to make the disclosures to AEG. Baldinger raised his defense earlier, claiming lack of jurisdiction, thus no waiver of his defense to personal jurisdiction would ensue. Baldinger fails to demonstrate any prejudice or any additional costs he would suffer in making his disclosures now. For the foregoing reasons, the Court **FINDS** Judge Williams did

not clearly err by ordering Baldinger to make his initial Rule 26(a) disclosures at this time.

### IV. Conclusion

Therefore, the Court **AFFIRMS** Judge Williams' order (Doc. 33) and **DENIES** Baldinger's appeal therefrom (Doc. 35). Baldinger shall produce the disclosures to AEG by March 1, 2013, 5:00 p.m.

**IT IS SO ORDERED.**

Signed this 19th day of February 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.19
14:42:36 -06'00'

**Chief Judge**
**United States District Court**