IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AIR ENERGY GLOBAL, INC.,

Plaintiff,

v.

NAPOLEON GRIER, BERT PADELL,
NAPOLEON GRIER ENTERPRISES,
INC., and BRUCE BALDINGER,

Defendants.                                           No. 12-cv-875-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I.   Introduction and Background

Pending before the Court is plaintiff Air Energy Global ("AEG")'s motion to remand (Doc. 14) and memorandum in support (Doc. 15). Defendants Bert Padell and Bruce Baldinger oppose the motion (Docs. 21 and 22).

This case is based on a breach of contract suit filed by AEG against Napoleon Grier, Bert Padell, Napoleon Grier Enterprises, Inc. ("NGE"), and Bruce Baldinger. The suit was filed in Madison County, Illinois, then removed to this Court on August 6, 2012, after Baldinger filed a notice of removal (Doc. 1). AEG alleges that it paid a $1,000,000.00 funding fee to Padell because NGE agreed to finance a project, making available $10,000,000.00 if a closing agreement was reached. If no agreement was reached, AEG was to receive its funding fee back

from Padell. AEG alleges a closing agreement was never created, the funds were never made available, and the funding fee was never returned by Padell.

Padell filed a motion to dismiss for lack of jurisdiction or transfer venue and a memorandum in support (Docs. 8 and 9) on August 13, 2012. The motion is pending before the Court. Baldinger filed a similar motion to dismiss and a memorandum in support (Docs. 13 and 13-1) on August 15, 2012. Padell then filed a motion to stay discovery (Doc. 26) on October 1, 2012. Likewise, Baldinger filed a motion to stay discovery (Doc. 27) on October 2, 2013. The Court denied both motions on October 2, 2013 (Doc. 28).

AEG filed a motion to compel Rule 26 disclosures (Doc. 31) on November 1, 2012. The Court held a discovery dispute conference on November 7, 2012 (Doc. 33) and the Magistrate Judge granted AEG's motion, ordering the defendants to file Rule 26 disclosures. Padell filed an appeal of the Magistrate Judge's Order (Doc. 34) on November 21, 2012. Baldinger filed an appeal of the Magistrate Judge's Order (Doc. 35) on December 7, 2012. The Court affirmed the Order as to both defendants (Docs. 43 and 44), ordering defendants to file Rule 26 disclosures by March 1, 2013.

## II. Standard

Removal of this action was premised on 28 U.S.C. § 1441(a), which provides that a civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending. A federal district court is deemed to have original jurisdiction over a civil action arising under United States law according to 28 U.S.C. § 1331.

In order for a case to be removed from state court to federal court, notice of removal must be filed by the defendant within thirty days: (1) after the defendant receives a copy of the initial pleading, or (2) after the service of summons on the defendant if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). The current version also explicitly addresses the situation here: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). On a motion to remand, the Court must resolve genuine doubts about removal in favor of remand. *Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 2013 WL 646051 (Feb. 22, 2013).

### III. Analysis

AEG claims Baldinger's notice of removal was untimely and urges this Court to remand on that basis. Although Baldinger filed his notice well within thirty days of service, AEG argues that Padell's failure to seek removal after he was served, constituted a waiver of the right to remove for himself and any other

later-served defendants including Baldinger.[1]  Further, AEG contends that the "first-served" rule is the prevailing rule of this Court, providing that the time period for filing a notice of removal begins to run when the first defendant is served.

Defendants Baldinger and Padell argue that the amendment to 28 U.S.C. § 1446 enacted in December 2011, and effective with cases filed after January 6, 2012, updated the requirements to provide that when a defendant files a notice of removal within thirty days of that defendant being served, and any other defendants who have been served consent to the removal, the removal is timely.

In order to support its argument that remand is proper, plaintiff relies on cases decided before 28 U.S.C. 1446 was amended.  Arguing that the Seventh Circuit has not addressed the issue of whether the thirty days begins to run when the first defendant is served or with a later served defendant, the plaintiff ignores the amendment to the code.  Instead, AEG directs this Court to various district court cases within the Seventh Circuit that were decided under the old version of 28 U.S.C. 1446 and claims that Baldinger's notice of removal was, therefore, untimely.

Here, this Court finds that defendants complied fully with the current revision to 28 U.S.C. 1446.  The revision became effective with cases filed after January 6, 2012.  The amended complaint in this case was filed June 29, 2012, within the requisite time period.  Defendant Bruce Baldinger was served July 25,

---

[1] Padell consented to Baldinger's notice of removal.  The other defendants, Napoleon Grier and NGE have never been served, as AEG acknowledges in its motion, and thus, their consent is not necessary.

2012.  Baldinger filed his notice of removal August 6, 2012, within thirty days of his service.  Padell, as the earlier-served defendant, consented to the removal and Baldinger attached Padell's consent to his notice.  Therefore, under § 1446, Padell neither waived his right to remove, nor needed to have initiated his own notice of removal.  There is no doubt that Baldinger's notice of removal was timely.

## IV.   Conclusion

Based on the aforementioned reasons, the Court finds that the defendants complied with the amended § 1446.  Baldinger filed his notice within thirty days and Padell consented to Baldinger's notice.  Therefore, removal was proper.  Accordingly, AEG's motion to remand on the claim that the notice of removal was untimely is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed this 1st day of March 2013.

Digitally signed by David R. Herndon
Date: 2013.03.01 14:32:59 -06'00'

**Chief Judge
United States District Court**