IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIR ENERGY GLOBAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0875–DRH–SCW |
| | ) |
| NAPOLEAN GRIER, BERT PADELL, NAPOLEAN GRIER ENTERPRISES, INC., BRUCE BALDINGER, SUSETTE MCDANIEL HARRIS, BLUE PUPPY SOLUTIONS, INC., PETRASH CAPITAL LLC, and BENJAMINE PRIVITT | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

This suit, seeking damages for breach of contract, conversion, and fraudulent misrepresentation, among other claims, was removed to this Court on August 6, 2012. (Doc. 1) While not initially a party to this action, Blue Puppy Solutions (BPS) was named for the first time in the Second Amended Complaint, which Plaintiff filed on March 13, 2013. (Doc. 57). A summons as to BPS was issued on March 25, 2013. (Doc. 58). The Summons was executed on April 3, 2013, making BPS's answer due on April 23, 2013. (Doc. 66). BPS never answered, and Plaintiff moved for an entry of default on July 19, 2013. (Doc. 84). The Clerk entered a default on July 22, 2013. (Doc. 91). On August 1, 2013, Todd Sivia entered his appearance for BPS. (Doc. 94). BPS has now moved to vacate the entry of default. (Doc. 99). For good cause shown, the Court **GRANTS** BPS's Motion to Vacate the Clerk's Entry of Default.

### ANALYSIS

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A party seeking to set aside an entry of default must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." **Cracco v. Vitran Express, Inc., 559 F.3d 625, 630–31 (7th Cir. 2009).** The Seventh Circuit has long voiced a policy against default judgment—a trial on the merits is preferred. *Id.* **at 631; Yong-Qian Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007) (citing C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)).**

BPS's Motion contains no facts explaining why they failed to retain counsel or timely Answer the Complaint   Still, they moved quickly to correct the problem and filed the instant motion less than six weeks after they were made aware of the problem. Additionally, discovery does not close until March 1, 2014, and it is unlikely that Plaintiff will be prejudiced by the late entry of appearance. The motion (Doc. 99) is **GRANTED.** The entry of default against Defendant BPS is set aside. BPS to file an Answer *instanter*.

**IT IS SO ORDERED.**

**DATE: September 25, 2013**                    **/s/ Stephen C. Williams**
                                                **STEPHEN C. WILLIAMS**
                                                United States Magistrate Judge