IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AIR ENERGY GLOBAL, INC.

      Plaintiff,

vs.

NAPOLEON GRIER, et al.,

      Defendant.

Case No. 12-CV-875-SMY-SCW

**MEMORANDUM AND ORDER**

      This matter comes before the Court on Defendant Benjamin Privitt's Motion to Vacate Entry of Default (Doc. 282).  Plaintiff's Second Amended Complaint joining Defendant Privitt was filed on March 13, 2013 (Doc. 57).  Privitt was served on June 1, 2013.  (Doc. 78).  Plaintiff moved for entry of default against Privitt on July 19, 2013 (Doc. 88) and the Clerk of Court entered said default on July 22, 2013. (Doc. 91).  On December 15, 2014, Plaintiff filed a Motion for Default Judgment as to Defendant Privitt.  (Doc. 252).  On January 20, 2015, Attorney Todd Sivia filed his Notice of Appearance notice of appearance on behalf of Defendant (Doc. 261).  Defendant Privitt's Motion to Vacate Entry of Default was filed on February 13, 2015.

      Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A default was properly entered against  Privitt as he failed to answer the Complaint  as was required under the Federal Rules of Civil Procedure.

      Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance

with Rule 60(b)." The standard of review for a request to set aside entry of a default prior to judgment under Rule 55(c) is the same as the standard of review for a request to set aside a default judgment under Rule 60(b). *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994) (citing *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir.1990)). However, the standard is less stringently applied in cases under Rule 55(c). See *O'Brien v. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir.1993). In order to prevail on a Rule 55(c) motion, the moving party must show: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir.1994) (citing *Pretzel & Stouffer*, 28 F.3d at 45; *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989)).

Privitt argues that good cause for the default exists because he, "… in good faith believed he did not need to file a response to the complaint…" (Doc. 282). However, the summons that was personally served on him stated , "within 21 days . . . you must serve on the plaintiff an answer. . . If you fail to respond, judgment by default will be entered against you." (Doc. 78). Nevertheless, and apparently without consulting an attorney, Defendant concluded that he did not have to answer and chose not to act until 19 months after the Clerk's Entry of Default. Such actions do not constitute "good cause" for default.

Additionally, the Court does not consider the nearly 19 month period between the entry of default and the filing of Defendant's motion to vacate "quick action to correct the default ". See *Atlanta Gas Light Co. v. Semaphore Adver., Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990) (holding that motion to set aside default was not filed within reasonable time after entry of default, where motion was filed over ten months after default was entered and four months after amended complaint was filed); *Seanor v. Bair Transp. Co. of Del.*, 54 F.R.D. 35, 36 (E.D. Pa.

1971) (ruling that a delay of 13 months in seeking to set aside entry of default required denial of motion to set aside default).

Lastly, the allegations set forth in Defendant's motion to vacate do not convince the Court that Defendant Privitt has a meritorious defense. "It is well settled that general denials and conclusory statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim." *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 84 (N.D. Ill. 1981).

For the reasons stated above, Defendant Privitt's Motion to Vacate Entry of Default (Doc. 282) is denied.

**IT IS SO ORDERED.**

**DATED: February 18, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE
DISTRICT JUDGE**