IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AIR ENERGY GLOBAL, INC.,

    Plaintiff,

vs.

NAPOLEON GRIER, et al.,

    Defendants.

Case No. 12-cv-0875-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Privett's Motion to Reconsider Denial of Motion to Vacate Entry of Default (Doc. 287). The Court **DENIES** Defendant's motion in its entirety.

Rule 60(b) permits a court to reconsider a prior order or judgment on certain grounds, such as mistake, newly discovered evidence, fraud, misrepresentation or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). See also *Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). Additionally, relief under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard of review for a request to set aside entry of a default prior to judgment under Rule 55(c) is the same as the standard of review for a request to set aside a default judgment under Rule 60(b). *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). In order to prevail on a Rule 55(c) motion, the moving party must show: "(1)

'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir.1994).

Here, Plaintiff has provided no legal basis for the Court to amend or modify its Order denying Defendant Privett's Motion to Vacate Clerk's Entry of Default (Doc. 283).  In his motion to reconsider, Defendant states that there is new evidence, namely a purported transcription of an audio recording of a telephone conversation, which he asserts is exculpatory. However, Defendant Privett was not a party to the conversation in question and the transcript constitutes inadmissible hearsay for which there is no applicable exception.  Furthermore, Defendant has made no showing that due diligence was exercised leading to the discovery of this evidence after the order was issued.  See *In re Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996). For these reasons, the Court finds that Defendant's motion is insufficient to warrant reconsideration under either Rule 55(c) or 60(b) and is therefore DENIED.

**IT IS SO ORDERED.**

**DATED:  April 14, 2015**

/s/  Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**