IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIR ENERGY GLOBAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-875-SMY-SCW |
| | ) |
| NAPOLEON GRIER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court are Plaintiff Air Energy Global, Inc.'s motions for default judgment as to Defendants Napoleon Grier ("Grier") and Napoleon Grier Enterprises, Inc. ("NGE") (Doc. 212), Susette McDaniel Harris a/k/a Jade Harris ("Harris") (Doc. 251), Benjamin Privett ("Privett") (Doc. 252), and Petrash Capital, LLC ("Petrash") (Doc. 253). A hearing was held on January 28, 2015 to determine damages. For the following reasons, Plaintiff's motions are **GRANTED**.

## BACKGROUND

AEG filed this action alleging that Defendants breached a contract whereby the defendants were to obtain financing for a business opportunity on behalf of AEG (*see* Doc. 57). AEG alleges that, pursuant to the contract, AEG wire-transferred a $1,000,000.00 funding fee to a specified bank account. A "Closing Agreement" was to be created within two to five days following the transfer and funds in the amount of $10,000,000.00 were to be made available to AEG. However, the funds were never made available to AEG. AEG alleges that it was unable to pursue a business deal because it did not receive the funding it had contracted for. AEG further alleges that it never received a refund of the $1,000,000.00 funding fee. AEG later

learned from bank records that the funding fee was divvied up among the defendants or paid out on their behalf and at their direction.

AEG seeks to recover the $1,000,000.00 funding fee ("Funding Fee"); compensation for the loss of its business opportunity which was to have been funded by the financing to be made available by the defendants; and a refund of and interest on the Funding Fee. Regarding the RICO claim, AEG also seeks to recover treble damages and the costs of suit, including reasonable attorneys' fees.

Although served with process, the defendants failed to plead or otherwise defend this action (Docs. 78, 80, 81, 96). As a result, on July 22, 2013 and September 12, 2013, the Clerk of Court entered default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (*see* Docs. 91, 101). Following the Clerk's Entry of Default, AEG moved for default judgment against the defendants. Pursuant to Rule 55.1(b), copies of AEG's Motions for Entry of Default Judgment were mailed to each named defendant at his or her last known address.

On January 28, 2015, the Court held a hearing to determine the amount of damages pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Following the hearing, the Court permitted AEG to supplement its motions with a computation of damages and/or any further legal authority (Doc. 271). AEG provided a supplemental memorandum in support on February 11, 2015 (Doc. 278). In the supplemental memorandum, AEG seeks the following damages: (1) return of the $1,000,000.00 Funding Fee plus prejudgment interest at the rate of seven percent (7%) per year; (2) the $10,000,000.00 in loan funding sought from Defendants Grier and NGE plus an award of prejudgment interest on the $10,000,000.00 at the rate of five percent (5%) per year pursuant to the Illinois Interest Act, 815 Ill. Comp. Stat. 205/2; (3)

unspecified damages for loss of business opportunity; and (4) treble damages and attorneys' fees pursuant to 18 U.S.C. § 1964(c) (Doc. 278).

## DISCUSSION

**Damages**

Pursuant the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989).

When a defendant is found to be in default, all factual allegations in the complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations in the complaint relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). The court may conduct hearings when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D). The plaintiff's complaint provides a ceiling for available remedies and "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ.P. 54(c).

Here, during the hearing on Plaintiff's motions for default judgment, AEG President, Virgil Straeter, testified that AEG had a business plan with projected earnings based on the $10,000,000 financing negotiated with the defendants. Specifically, AEG offered into evidence

3

exhibits along with an affidavit from Robert A.H. Brunet, President of Biro Air Energy Inc., stating that the estimated revenue and growth of (projected earnings) would amount to $127,381,000.00. Streater further testified that AEG was unable to proceed with its business plan because it never received the funding. AEG also proffered evidence that it obtained a loan from Robert Schwarze in the amount of $1,000,000.00 with an interest rate of seven percent (75) per annum in order to pay the Funding Fee.

The Complaint allegations are sufficient to support AEG's entitlement, on default, to judgment for the $1,000,000 funding fee. Additionally, the purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately. *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.,* 325 F.3d 924, 935 (7th Cir. 2003). It is designed to ensure that a party is fully compensated for its loss. *See City of Milwaukee v. Cement Div. Nat'l Gypsum Co.,* 515 U.S. 189, 195, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995). Consequently, prejudgment interest typically accrues from the date of the loss or from the date on which the claim accrued. *See West Virginia v. United States,* 479 U.S. 305, 311, 107 S.Ct. 702, 93 L.Ed.2d 639 n. 2 (1987).

Here, there are no countervailing considerations that would make an award of prejudgment interest inequitable or unjust. AEG provided evidence that it took out a $1,000,000 loan from Robert Schwarze with an interest rate of 7% per annum. Thus, an award of prejudgment interest at 7% is necessary to fully compensate AEG for its injuries. Accordingly, Plaintiff is awarded damages in the amount of $1,000,000.00 with prejudgment interest at the rate of 7% annually from August 8, 2011 ($191.78 per day) through the date of entry of Judgment.

However, the Court declines to award AEG the requested $10,000,000.00 in loan funding sought from Defendants Grier and NGE or interest on the loan. The $10,000,000.00 represents *prospective* financing to have been secured for AEG which would be repaid from business revenues. AEG never incurred interest on the loan because it never received the loan. Further, AEG has cited no authority, and the Court has located none, that would justify awarding it interest on a loan it never received. Therefore, awarding AEG compensation for prospective financing and interest would amount to a windfall recovery for AEG.

With respect to AEG's request for damages for its lost business opportunity, the new business rule precludes "speculation about possible lost profits where there is no historical data to demonstrate a likelihood of future profits." *Meriturn Partners, LLC v. Banner & Witcoff, Ltd.*, 31 N.E.3d 451, 459 (Ill. App. 2015). A business must have been established before it is interrupted so that the evidence of lost profits is not speculative. *Id*. Here, the damages AEG seeks are based on a number of unsupportable assumptions. Moreover, the projections that it claims support its right to recovery for lost business opportunity rely solely on future suppositions. The projected business profits were possible, but they were not reasonably certain. Because the only evidence on which to base an award for lost business opportunity is speculative at best, AEG cannot recover on this theory.

Finally, 18 U.S.C. section 1964(c), which governs the remedies available to private plaintiffs in civil RICO suits, provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c); *see DeMent v. Abbott Capital Corp.*, 589 F.Supp. 1378, 1384 (N.D. Ill. 1984). The measure of civil RICO damages (before trebling) is the harm flowing from the

predicate acts. *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1310 (7th Cir. 1987), *cert. denied*, 492 U.S. 917 (1989).

In this case, the harm flowing from Defendants' predicate acts – the actual damages – are $1,000,000.00. Under the plain language of the RICO Act, the final judgment must reflect an amount that is three times the amount of actual damages prior to setting-off the value of AEG's settlements with various defendants, *See,* 18 U.S.C. § 1964(c); *Liquid Air Corp.*, 834 F.2d at 1310.

AEG also seeks prejudgment interest on its RICO claim. Although the Seventh Circuit has not specifically addressed the propriety of awarding prejudgment interest on RICO awards, it has not allowed plaintiffs in other cases involving federal statutes to obtain prejudgment interest in addition to doubled or trebled damages, reasoning that to do so would overcompensate the plaintiff. *See, State of Indiana ex rel. Zoeller v. Pastrick*, 696 F. Supp. 2d 970, 989 (N.D. Ind. 2010), citing *Fishman v. Estate of Wirtz,* 807 F.2d 520, 561 (7th Cir. 1986) (no prejudgment interest allowed on treble damages in federal antitrust case); *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 406 (7th Cir. 1999) (no prejudgment interest allowed on doubled damages under FLSA); *Fortino v. Quasar Co.,* 950 F.2d 389, 397 (7th Cir. 1991) ("if double damages are awarded [under the ADEA] prejudgment interest may not be awarded"). That same reasoning applies here. Trebling AEG's actual damages adequately compensates it for its losses. Therefore, AEG is awarded treble damages on its RICO claim in the amount of $3,000,000.00.

**Joint and Several Liability**

"Joint and several liability is rooted in the principle that a wrongdoer is liable for the reasonably foreseeable acts of his fellow wrongdoers committed in furtherance of their joint

6

undertaking." *Paper Systems Inc. v. Nippon Paper Industries Co.,* 281 F.3d 629, 633 (7th Cir. 2002). It serves to both maximize deterrence of defendants and prevent double recoveries by plaintiffs. *Id.* Joint and several liability also forces all parties responsible for the harm to bear the burden of any lapses in liability. Indeed "[e]very circuit in the country that has addressed the issue has concluded that the nature of both the civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations." *United States v. Philip Morris USA*, 316 F. Supp. 2d 19, 27 (D.D.C. 2004); s*ee U.S. v. Infelise,* 159 F.3d 300, 301 (7th Cir.1998) (holding that co-defendants were correctly held jointly and severally liable under RICO); *U.S. v. Simmons,* 154 F.3d 765, 769–70 (8th Cir.1998) (finding joint and several liability in RICO conspiracy case because individual liability would allow defendants to "mask the allocation of the proceeds to avoid forfeiting them altogether").

Here Defendants each had a defined role in an ongoing fraudulent enterprise that contributed to the damages incurred by AEG. As such, it is appropriate to impose joint and several liability. Accordingly, Defendants Napoleon Grier, Napoleon Grier Enterprises, Inc., Susette McDaniel Harris a/k/a Jade Harris, Benjamin Privett and Petrash Capital, LLC are jointly and severally liable for the damages incurred by AEG as a result of the fraudulent acts described in the Second Amended Complaint.

**Attorneys' Fees and Costs**

Finally, the Court finds that AEG is entitled to recover attorneys' fees and costs incurred in connection with this matter. Under RICO, AEG is entitled to the recovery of reasonable attorney fees and, generally, "when a plaintiff is entitled to attorneys' fees by statute on one claim and prevails on other claims arising out of the same common nucleus of facts, the plaintiff is

entitled to recover fees on all of the work done on the related claims." *Uniroyal Goodrich Tire Co. v. Mut. Trading Corp.*, 1994 WL 605719, at *1 (N.D. Ill. Nov. 3, 1994) *aff'd*, 63 F.3d 516 (7th Cir. 1995), citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Rosario v. Livaditis*, 963 F.2d 1013, 1021 (7th Cir. 1992).

Here, all of AEG's claims were based upon related legal theories and on a common nucleus of facts revolving around Defendants' efforts to defraud Plaintiff. Accordingly, the Court will issue a Final Default Judgment reflecting that AEG is entitled to an award of reasonable attorneys' fees and costs. Plaintiff's Counsel shall file a petition for attorneys' fees and costs and supporting documentation within thirty (30) days of the entry of judgment.

## CONCLUSIONS

Plaintiff Air Energy Global, Inc.'s motions for default judgment as to Defendants Napoleon Grier and Napoleon Grier Enterprises, Inc. (Doc. 212), Susette McDaniel Harris a/k/a Jade Harris (Doc. 251), Benjamin Privett (Doc. 252), and Petrash Capital, LLC (Doc. 253) are granted. Judgment is entered in favor of AEG and against Defendants jointly and severally as follows: $1,000,000.00, plus interest in the amount of $369,176.50, which represents the value of prejudgment interest that accrued from August 8, 2011, to the date of this Order; $3,000,000.00 in treble damages on its RICO claim; and the reasonable value of attorneys' fees and costs. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: November 16, 2016**

s/ Staci M. Yandle  
**STACI M. YANDLE**  
**United States District Judge**
