IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIR ENERGY GLOBAL, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 12-cv-875-SMY |
| vs. | ) |
| | ) |
| NAPOLEON GRIER, et al., | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On February 6, 2017, this Court entered Judgment in favor of Plaintiff Air Energy Global, Inc. and against Defendant Bert Padell in the amount of $3,000,000.00 and against Defendants Napoleon, Napoleon Grier Enterprises, Inc., Susette McDaniel Harris a/k/a Jade Harris, Benjamin Privett, and Petrash Capital, LLC ("Petrash") in the amount of $4,637,605.00 (Doc. 313). Now pending before the Court is Plaintiff's Motion for Revival of Judgment (Doc. 329). Defendants have not responded.

Federal Rule of Civil Procedure 69 provides that execution of a judgment must proceed according to state law. Under Illinois law, a judgment is valid for seven years, but can be revived within twenty years of the date of judgment. *See* 735 ILCS 5/12-108(a); 735 ILCS 5/13-218. In relevant part, the procedure for reviving a judgment is as follows:

> (a) A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry, or in the seventh year after its last revival, or in the twentieth year after its entry, or at any other time within 20 years after its entry if the judgment becomes dormant[.]
>
> (b) A petition to revive a judgment… shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.
> * * *

> (d) An order reviving a judgment shall be for the original amount of the judgment. The plaintiff may recover interest and court costs from the date of the original judgment. Credits to the judgment shall be reflected by the plaintiff in supplemental proceedings or execution.

*See* 735 ILCS 5/2-1602.

Here, Plaintiff's motion is timely filed within the seventh year after entry of the amended judgment and includes the required statement.

Accordingly, the Motion is **GRANTED**. Judgment is entered in Plaintiff's favor for the original judgment amount of $3,000,000.00 against Defendant Bert Padell and $4,637,605.00 against Defendants Napoleon, Napoleon Grier Enterprises, Inc., Susette McDaniel Harris a/k/a Jade Harris, Benjamin Privett, and Petrash Capital, LLC ("Petrash"), plus post judgment interest under § 1961(a).

**IT IS SO ORDERED.**

**DATED: September 5, 2024**

**STACI M. YANDLE**
**United States District Judge**